STEFFES *v.* ALLEN.

1. APPEAL AND ERROR—WRITTEN CONTRACTS—EVIDENCE.

In suit to set aside a written oil development lease, testimony of the parties with reference to their understanding of the agreement between them, the terms of payment and duration, is not considered where such matters are set forth in the contract.

2. SAME—QUESTION FOR TRIER OF FACTS—EVIDENCE—PAYMENT TO EXTEND OIL DEVELOPMENT LEASE.

Whether or not lessee under an oil development lease had made payment required thereunder to extend life of lease where drilling operations were not commenced *held*, a question of fact, a determination of which in favor of lessor was not against the weight of the evidence in view of conflicting testimony presented on the issue.

3. MINES AND MINERALS—OIL AND GAS LEASE—FORFEITURE.

Failure of lessee to comply with express covenant to pay money in order to extend term of oil development lease resulted in forfeiture of lessee's rights thereunder in lessor's suit to remove lease as a cloud upon their title notwithstanding provision in lease that it was never to be "forfeited or cancelled for failure to perform in whole or in part any of its implied covenants, conditions, or stipulations until it shall have first been finally judicially determined that such failure exists, and after such final determination, lessee is given a reasonable time therefrom to comply with any such covenants, conditions, or stipulations."

Appeal from Allegan; Miles (Fred T.), J. Submitted October 9, 1940. (Docket No. 9, Calendar No. 40,987.) Decided December 10, 1940.

Bill by Mathias Steffes and wife against H. R. Allen to remove lease as a cloud upon title of real estate. Decree for plaintiffs. Defendant appeals. Affirmed.

Admissibility of extrinsic evidence to interpret various written contracts, see 1 Restatement, Contracts, §§ 230, 231, 237, 238.

*Virgil W. McClintic* and *Byron P. Gallagher,* for plaintiffs.

*Harry Pell,* for defendant.

McALLISTER, J. On October 29, 1937, plaintiffs, who are the owners of farm lands in Allegan county, entered into an oil development lease with defendant, an oil driller and contractor. Thereafter, on April 18, 1938, plaintiffs executed an oil lease on the same property to the Daily Crude Oil Company; and on February 6, 1939, they filed their bill of complaint asking that the court decree defendant's lease as of no force and effect in order to remove the lease as a cloud upon title. Plaintiffs had a decree in their favor, and defendant appeals.

The pertinent portion of the lease between the plaintiffs and defendant is as follows:

"If operations for the drilling of a well for oil or gas are not commenced on said land on or before November 29, 1937, this lease shall terminate as to both parties, unless the lessee shall, on or before one year from this date, pay or tender to the lessor or for the lessor's credit in the Byron Center State Bank at Byron Center, Michigan, or its successors, which bank and its successors are the lessor's agent and shall continue as the depository of any and all sums payable under this lease, regardless of changes of ownership in said land or in the oil and gas, or in the rentals to accrue thereunder, the sum of $60, which shall operate as rental and cover the privilege of deferring the commencement of drilling operations for a period of one year."

After the execution of the lease and some inquiry as to whether a previous oil lease given by plaintiffs to other parties was still in effect, defendant paid

the sum of $20 to plaintiffs. Defendant testified that thereafter and within 30 days of the execution of the lease, he paid an additional sum of $160 to plaintiff Mathias Steffes. This is flatly contradicted by Steffes, who testified that defendant never paid him anything except the $20 for the execution of the lease. Defendant claims that he prepared a receipt for the money claimed to have been paid and presented it to Mathias Steffes, who signed it but, instead of giving it to defendant, stated that he would have his wife also sign and thereafter return it to defendant. But defendant claims that he never received the receipt.

Much of the record is occupied by testimony of the parties with reference to their understanding of the agreement between them—the terms of payment and the duration of the contract. But in view of the fact that the agreement was in writing, such testimony serves no purpose in the determination of the case. The trial court properly analyzed the controversy in concluding that the decisive point in the case was whether defendant had made the payments in question, and counsel for both parties agreed, upon the court's inquiry, that this was the determining issue in the case. Under the agreement defendant was entitled to a year from the date of the execution of the contract in which to pay $60 in order to preserve his rights thereunder. Failure to commence oil drilling operations within a month of the execution of the lease, and nonpayment of the sum of $60 within a year thereof, would terminate the lease. No drilling operations were commenced, and the disputed question was with regard to the specified payment. The trial court rendered no opinion, but entered a decree setting forth that because of failure on the part of the defendant to make the payments required by the contract, the lease had

expired; and the court provided for the discharge of the lease from the records of the register of deeds.

It was admitted that plaintiff Mathias Steffes was asked by defendant whether he "wanted $60" about six months after the execution of the lease, and that the plaintiff said, "To hell with the $60. Why didn't you pay it when it became due?" that this statement was made within the period of the year in which defendant was entitled to pay the said sum and preserve his lease rights. Plaintiff was under the impression that the sum was due within 30 days of the execution of the contract instead of within a period of one year therefrom. In this, he was in error. It further appears that plaintiffs executed another lease on the same property within the year following the making of the lease. But if defendant had made the payment required, the subsequent lease would have been of no effect as against him. The conclusion of the court that defendant had not paid the required amount was the determination of a question of fact. We cannot say that this determination is against the weight of the evidence.

It was provided in the lease:

"It is agreed that this lease shall never be forfeited or cancelled for failure to perform in whole or in part any of its implied covenants, conditions, or stipulations until it shall have first been finally judicially determined that such failure exists, and after such final determination, lessee is given a reasonable time therefrom to comply with any such covenants, conditions, or stipulations."

Defendant insists that the lease should not be forfeited or cancelled for failure to perform covenants or stipulations until it had been judicially determined that such a failure existed, and that there-

after defendant should be given a reasonable time to comply with such stipulations. The default, as determined by the trial court, was a failure to perform an express covenant to pay money. We are of the opinion that defendant's contention in this regard is without merit.

Decree affirmed, with costs to plaintiff.

Bushnell, C. J., and Sharpe, Boyles, Chandler, North, Wiest, and Butzel, JJ., concurred.